**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | |
| | (Jointly Administered) |
| East Coast TVs Inc, et al., | |
| Plaintiffs, | |
| vs. | Adv. Pro. No. 18- |
| American Express Travel Related Services Company, Inc. | |
| Defendant. | |

## COMPLAINT

The above captioned debtors and debtors in possession (the "**Plaintiffs**" or "**Debtors**"), pursuant to sections 542 and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), files their Complaint against Defendant American Express Travel Related Services Company, Inc. ("**Amex**").  In support of their causes of action, the Debtors respectfully state and allege as follows:

## FACTUAL BACKGROUND

1.      On February 9, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

Eastern District of New York (the "**Court**").  The Debtors continue to operate their businesses and manage their affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## THE PARTIES

2.      Plaintiffs are the above captioned debtors and debtors in possession, with a notice address of 601 West Linden Avenue, Linden, New Jersey 07036.

3.      Defendant Amex is a federal savings bank, having its principal place of business at Three World Financial Center, 200 Vesey Street, New York, NY 10285-3106.

## JURISDICTION

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

5.      The venue of this action in this district is proper pursuant to 28 U.S.C. § 1409.

6.      This adversary proceeding is initiated under Bankruptcy Rule 7001(1) & (7), and the relief requested herein may be ordered pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code.

## FACTS

7.      The Debtors were party to that certain Merchant Agreement (as amended, the "**Merchant Agreement**") by and between debtor East Coast TVs Inc and Amex.

8.      Pursuant to the Merchant Agreement, Amex collected sale proceeds on behalf of the Debtors by processing credit cards used for the purchase of goods on behalf of the Debtors. Amex would remit those funds to the Debtors in a matter of course.  Prior to the Petition Date, the Merchant Agreement terminated and the Debtors no longer accepted American Express credit cards from their customers.

9.      Prior to the Petition Date, Amex began withholding funds which, as of the Petition Date, were in excess of $25,000 of funds due to the Debtors.   These held funds (the

2

"**Reserved Proceeds**") are property of the Debtors' estates pursuant to Bankruptcy Code Sections 541(a)(1).

10.     By withholding the Reserved Proceeds, Amex is in violation of the automatic stay of section 362(a)(3) of the Bankruptcy Code.

11.     Amex's continuing violation of the automatic stay is willful because Amex has withheld the Reserved Proceeds with knowledge of the Debtors' pending chapter 11 cases and despite demands.  No doubt this Court can take judicial notice that Amex is sophisticated entity with a global presence, based in the United States, having immediate access to sophisticated counsel and general familiarity with its obligations under federal bankruptcy law.

12.     On February 20, 2018, the Debtors made explicit demand on Amex for turnover of the Reserved Proceeds, as evidenced by Exhibit A hereto.[2]  To date, Amex has failed to respond to any demand and has failed and refused to turnover over any Reserved Proceeds to the Debtors.

**COUNT I**

**ACTION TO TURNOVER PROPERTY TO THE ESTATES – BANKRUPCY CODE § 542**

13.     The Debtors restate and incorporate by reference the allegations set forth in the preceding paragraphs of this Complaint.

14.     Section 541(a)(1) of the Bankruptcy Code provides that "[the bankruptcy estate consists of  "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case."

15.     Section 542(a) of the Bankruptcy Code provides that "an entity … in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under

---

[2] Exhibit A is a true and correct copy of the February 20, 2018 letter except that the wire instructions therein have been redacted.

4524995-2

section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property."

16.    The Reserved Proceeds constitute property of the estates pursuant to Section 541(a)(1) of the Bankruptcy Code that are subject to turnover by Debtors pursuant to Section 542(a) of the Bankruptcy Code.

## COUNT II

## INJUNCTIVE RELIEF UNDER SECTION 105(a) OF THE BANKRUPTCY CODE

17.    The Debtors repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

18.    Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

19.    The relief requested herein is necessary to protect the Debtors' ability to efficiently and effectively administer these cases and to preserve the property of their estates.

20.    In the absence of entry of the requested injunctive relief, the Debtors and their estates will be imminently and irreparably harmed.

21.    The balance of harm tips in favor of the Debtors.  Absent such relief, the Debtors will be greatly harmed.  In contrast, there will be little to no harm to the Defendant.

22.    The public interest weighs in favor of the issuance of a temporary restraining order and injunction.  The injunctive relief requested herein will serve the public interest by promoting compliance with the congressional purpose of the automatic stay and furthering the Debtors' ability to administer these Cases and preserve their assets.

23.    For the reasons stated herein, the Debtors are entitled to a permanent injunction staying, restraining and enjoining the Defendant from withholding the Reserved Proceeds from the Debtors.

4524995-2

**COUNT III**

**INJUNCTIVE RELIEF UNDER SECTION 542(a) OF THE BANKRUPTCY CODE**

24.     The Debtors repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

25.     Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case … wherever located and by whomever held." 11 U.S.C. § 541(a)(1).

26.     The Reserved Proceeds constitute property of the estates pursuant to Section 541(a)(1) of the Bankruptcy Code that are subject to turnover by Amex pursuant to Section 542(a) of the Bankruptcy Code.

27.     Section 542(a) of the Bankruptcy Code provides that "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

28.     For the reasons stated herein, pursuant to section 542 of the Bankruptcy Code, Defendant should be required to immediately turn over the Reserved Proceeds to the Debtors.

**COUNT IV**

**VIOLATION OF SECTION 362(a) OF THE BANKRUPTCY CODE**

29.     The Debtors repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

30.     Section 362(a) of the Bankruptcy Code operates as a stay, "applicable to all entities," of, inter alia, (i) "the commencement or continuation . . . of a judicial, administrative,

or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;" and (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

31.     The ability of the Debtors to operate their businesses are significantly hindered absent the release by Amex of the Reserved Proceeds.

32.     The Debtors are entitled to monetary damages and injunctive relief due to Defendant's violation of the automatic stay under section 362 of the Bankruptcy Code, which ongoing violations include withholding of the Reserved Proceeds.

## COUNT V
## ATTORNEYS' FEES AND EXPENSES

33.     The Debtors repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

34.     The Debtors have been forced to incur attorneys' fees and expenses resulting from Defendant's refusal to return and turnover to the Debtors the Reserved Proceeds.

35.     The Debtors should be awarded attorneys' fees, costs and litigation expenses associated with this action.

4524995-2

WHEREFORE, The Debtors respectfully request that this Court enter judgment in its favor and against Defendant American Express Bank, FSB for turnover of the Reserved Proceeds as defined in this Complaint, and for such other relief as the Court deems just and proper.

Dated: New York, New York
       March 6, 2018

                             **OLSHAN FROME WOLOSKY LLP**

                        By:  /s/ Michael S. Fox
                             Michael S. Fox
                             Jonathan T. Koevary
                             Lauren B. Irby
                             1325 Avenue of the Americas
                             New York, New York 10019
                             (212) 451-2300

                             *Proposed Counsel to the Debtors*

**Exhibit A**



1325 AVENUE OF THE AMERICAS • NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 • FACSIMILE: 212.451.2222

EMAIL:  LIRBY@OLSHANLAW.COM
DIRECT DIAL:  212.451.2379

February 20, 2018

**(By Email and Overnight Mail)**

Craig McDowell
Strategic Merchants Portfolio Senior Manager
American Express Bank, FSB
Three World Financial Center
200 Vesey Street
New York, NY 10285-3106

Re:    In re East Coast TVS Inc. and Garden State Installation II Inc
AMEX Account 2292046802

Case Nos. 18-40765 and -40767 (ess)

Dear Mr. McDowell:

Please be advised that this firm is counsel to East Coast TVS, Inc. and Garden State Installation II Inc. (the "Debtors").  On February 9, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court, Eastern District of New York.

By virtue of the filings and in accordance with section 362(a) of the Bankruptcy Code, enforcing the protections of the automatic stay by any creditor is prohibited.  This **statutorily bars, precludes, stays and restrains any creditor** of the Debtors from, among other things, commencing or continuing any action or proceeding against the Debtors or the Debtors' assets that was or could have been commenced prior to the commencement of the bankruptcy case, or to recover a claim against the Debtors on account of a debt that arose before the commencement of the Debtors' bankruptcy cases. 11 U.S.C. § 362(a).  Thus, AMEX is barred under section 362 of the Bankruptcy Code and by express order of the Bankruptcy Court from charging back funds from the Debtors' account and/or taking a reserve of customer funds.

AMEX is now holding, according to our client's records, as of close of business on February 9, 2018, in excess of $25,000 in charges.  These funds are property of the Debtors' estates and demand is now made upon AMEX to remit the sums directly to the Debtors.  Withholding property of the Debtors' estates will subject AMEX to penalties for violation of federal law.

In order to avoid Bankruptcy Court sanctions and further costs and expenses, we require the immediate remittance to the Debtors of $25,000.  These funds must be wired immediately back

February 20, 2018
Page 2

into the Debtors' bank account (see new wire initiations attached) by close of business this Friday.

Please be advised that failure of AMEX to remit the funds in accordance with the Bankruptcy Courts' order and the statutory mandates of section 362 will force the Debtors to seek an emergency hearing from the Bankruptcy Court to enjoin AMEX, and take any other necessary legal action, as appropriate. This needs your immediate attention.

Notwithstanding anything contained herein to the contrary, the Debtors expressly reserve any and all further claims, rights and remedies which may be available at law (including seeking treble damages) with regard to the $25,000 in property currently held by AMEX. This letter shall in no way be construed as a waiver of the Debtors' rights.

Very truly yours,

Lauren Irby

cc:    Isaac Barnathan
       Michael S. Fox, Esq.

2

Wire Instructions

Bank Name: TD Bank

Name on Account: East Coast TVs Inc

Bank Account Number:

Bank Account ABA/Routing Number: